UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRUNS, *et al.*,

    *Plaintiffs*,

v.

USAA, *et al.*,

    *Defendants*.

Case No. 20-cv-501 (RCL)

## ORDER

Upon consideration of the motion [21] to dismiss filed by defendants Dalton Bryant, Jr., Dalton Bryant, Sr., and Wanda G. Bryant, the opposition [35] thereto, the reply [37], and the record herein, the Court concludes that the Complaint fails to allege facts that any of the alleged conspirators took an overt act within the District of Columbia that injured the plaintiffs. The Complaint fails to allege any facts establishing that the Court has personal jurisdiction over the Bryants. The Complaint fails to allege any facts to support a finding that the Bryants have engaged in activity that places them in the ambit of the Long-Arm Statute of the District of Columbia. Accordingly, the Bryants' motion [21] to dismiss is **GRANTED** and the Complaint is hereby **DISMISSED WITH PREJUDICE** as to the Bryants.

Upon consideration of the motion [29] to dismiss filed by John I. Malone, Jr., his reply [44] to an undocketed opposition, *see* ECF No. 44 at 1, and the record herein, his motion is **GRANTED** since this Court has no personal jurisdiction over defendant Malone. The Complaint as to defendant Malone is hereby **DISMISSED WITH PREJUDICE**.

Upon consideration of the motion [28, as amended by 34] to dismiss filed by the United States Automobile Association ("USAA"), the opposition [38] thereto, the reply [43], the

1

supplemental opposition [45], USAA's supplemental memorandum [61], and the record herein, USAA's amended motion to dismiss is **GRANTED**. Both *res judicata* and the Rooker-Feldman doctrine bar the plaintiffs' claims. Accordingly, the Complaint as to USAA is hereby **DISMISSED WITH PREJUDICE**.

Upon consideration of the motion [39] to dismiss filed by Philip H. Cheatwood, the opposition [51] thereto, the reply [56], and the record herein, the motion to dismiss is **GRANTED**. This Court has no personal jurisdiction over this defendant, who lives and works in North Carolina and who has no contacts with the District of Columbia that would authorize personal jurisdiction under the District's Long-Arm Statute. Accordingly, the Complaint as to defendant Cheatwood is hereby **DISMISSED WITH PREJUDICE**.

Upon consideration of the motion [40] of defendants James Floyd Ammons, Jr., John S. Arrowood, Cheri Beasley, Philip E. Berger, Jr., Wanda G. Bryant, Ann Marie Calabria, Mike Causey, Roy A. Cooper III, Mark A. Davis, Richard Dietz, Robert Christopher Dillon, Richard A. Elmore, Samuel J. Ervin IV, Larry D. Hall, Claire V. Hill, Eric A. Hooks, Robin E. Hudson, Robert N. Hunter, Jr., Lucy Inman, Barbara Jackson, Mark Martin, Linda M. McGee, Michael R. Morgan, Jeffrey Hunter Murphy, Paul Martin Newby, Frank L. Perry, Josh Stein, Donna Stroud, James H. Trodgon III, John M. Tyson, Thomas M. Woodward, Reuben F. Young, Valerie Zachary to extend until June 1, 2020, the time with which to respond to the Complaint, the opposition [41] thereto, and the record herein, the motion [40] for extension of time is **GRANTED** *nunc pro tunc*, and the motions to dismiss by these defendants filed by June 1, 2020, are deemed timely filed.

Upon consideration of plaintiffs' motion [42] to disqualify Rubin, Shields, and Rodriguez representing the defendant Officials in their individual capacities, the opposition [47] thereto, and the record herein, the motion is **DENIED**. The State's statutory exercise of its authority under the

North Carolina Defense of State Employees Act, N.C. Gen. Stat § 143-300.3 *et seq.*, is not subject to review in this context.

Upon consideration of plaintiffs' motion [60] for judicial notice of (1) personal jurisdiction for the Bryants, Malone, and Cheatwood, and (2) pro se mailing issues, the oppositions thereto [70, 71, 72], and the record herein, plaintiffs' motion is **DENIED**. The facts are in fact disputed and the parties have briefed them for the Court. They are not subject to an undisputed "judicial notice."

Upon consideration of the motion [57] to dismiss filed by defendant Mike Causey, Commissioner of Insurance of the State of North Carolina, the opposition [69] thereto, and the record herein, the motion is **GRANTED** for lack of subject matter jurisdiction based on the 11th Amendment. Accordingly, the Complaint as to defendant Causey is hereby **DISMISSED WITH PREJUDICE**.

Upon consideration of the motion [62] to dismiss filed by defendants James Floyd Ammons, Jr., John S. Arrowood, Cheri Beasley, Philip E. Berger, Jr., Wanda G. Bryant, Ann Marie Calabria, Mark A. Davis, Richard Dietz, Robert Christopher Dillon, Richard A. Elmore, Samuel J. Ervin IV, Claire V. Hill, Robin E. Hudson, Robert N. Hunter, Jr., Lucy Inman, Barbara Jackson, Mark Martin, Linda M. McGee, Michael R. Morgan, Jeffrey Hunter Murphy, Paul Martin Newby, Donna Stroud, John M. Tyson, Reuben F. Young, Valerie Zachary, the opposition [82] thereto, and the record herein, the motion is **GRANTED**. The Rooker-Feldman doctrine bars this Court from reviewing the actions of the North Carolina courts and officials. Accordingly, the Complaint as to these defendants is hereby **DISMISSED WITH PREJUDICE**.

Upon consideration of the motion [63] to dismiss by defendants Governor Roy A. Cooper III, Attorney General Josh Stein, Secretary Larry D. Hall, and Thomas M. Woodward, the

opposition [80] thereto, and the record herein, the motion to dismiss is **GRANTED** under the Rooker-Feldman doctrine as well as *res judicata*. Accordingly, the Complaint as to these defendants is hereby **DISMISSED WITH PREJUDICE**.

Upon consideration of the motion [64] to dismiss by defendants Eric A. Hooks and Frank L. Perry, the opposition [81] thereto, and the record herein, the motion to dismiss is **GRANTED**. Again, the Rooker-Feldman doctrine and *res judicata* principles are sufficient to justify dismissal and the Court need not address other possible bases. The Complaint as to defendants Hooks and Perry is hereby **DISMISSED WITH PREJUDICE**.

Upon consideration of the motion [66] to dismiss filed by defendant J. Eric Boyette, Secretary of the North Carolina Department of Transportation, who was automatically substituted as a successor in office for James H. Trogdon III,[1] the former Transportation Secretary, the opposition [79] thereto, and the record herein, the motion to dismiss is **GRANTED** for lack of subject matter jurisdiction. Accordingly, the Complaint as to defendant Boyette is hereby **DISMISSED WITH PREJUDICE**.

Upon consideration of the motion [75] to dismiss filed by defendants William P. Barr, Elaine Chao, Jessie K. Liu, Nicole R. Nason, James C. Owens, Kathleen Hawk Sawyer, and Robert Wilkie ("the Federal Defendants"), the opposition [78] thereto, the reply [83], and the record herein, the motion to dismiss is **GRANTED** for lack of constitutional standing to bring any federal claim in this case. The Complaint against the Federal Defendants is hereby **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

---

[1] *See* Fed. R. Civ. P. 25(d) (providing that a public officer's successor is "automatically substituted as a party" when the public officer originally named as a defendant "ceases to hold office while the action is pending").

Finally, plaintiffs failed to show cause, as directed by this Court's Order [85] filed October 5, 2020, why service has not been effected on defendant Leann Nease Brown. The Complaint against defendant Brown is hereby **DISMISSED WITHOUT PREJUDICE** for failure to timely effect service. *See* Fed. R. Civ. P. 4(m).

All claims now having been decided, this case shall be terminated on the docket of this Court.

It is **SO ORDERED**.

Date: March 29, 2021

Hon. Royce C. Lamberth
United States District Judge